1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE LONNELL ROBERSON,            No.  2:17-cv-2049 DB P

12                Plaintiff,

13        v.                              ORDER

14   P. T. SUMMERS, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants negligently failed to give him his medication and

19   engaged in racial profiling.  Presently before the court is plaintiff's motion to proceed in forma

20   pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set forth

21   below the court will dismiss the complaint with leave to amend.

22                            **IN FORMA PAUPERIS**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                         1

1    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5    1915(b)(2).

6                                          **SCREENING**

7    **I.       Legal Standards**

8         The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13   U.S.C. § 1915A(b)(1) & (2).

14        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

20   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24        However, in order to survive dismissal for failure to state a claim a complaint must

25   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

27   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

28   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

                                                2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaint**

Plaintiff claims events giving rise to the allegations occurred while he was incarcerated at the California Medical Facility in Vacaville. (ECF No. 1 at 1.) Plaintiff's complaint contains two separate seemingly unrelated claims against the two named defendants: (1) Psych-Tech Summers and (2) MTA Gurrero.

Plaintiff claims that on April 4, 2017 he asked Summers for his medication three separate times. He informed Summers he was hearing voices and feeling suicidal. Plaintiff states he bit a

3

hole in his left wrist because he did not receive his medication.  Plaintiff identifies this claim as one for negligence and retaliation.

Plaintiff claims that on April 4, 2017, he was telling a story about kings.  He alleges Gurrero interrupted him and said, "black men aren't capable of being kings."  Gurrero also told plaintiff she was going to tell a white man about plaintiff's statements.  Plaintiff states this interaction impacted him psychologically and caused him to fear retaliation.

**III.    Does Plaintiff State a Cognizable Claim?**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**A.  Analysis**

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republic Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (quotations and citations omitted).

Plaintiff claims defendants were negligent, engaged in racial profiling, and retaliated against him.  However, a violation of state tort law, such as negligence, is not sufficient to state a claim for relief under § 1983.  To state a claim under §1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  Here, however, plaintiff

4

states no cognizable claim for relief under federal law. Thus, the court declines to exercise supplemental jurisdiction over his state law claim.

Additionally, Under Federal Rule of Civil Procedure 20, plaintiff cannot bring unrelated claims against different defendants. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

Here, plaintiff has alleged defendant Summers was negligent for failing to give him his medication. However, there is a distinction between common law negligence claims of improper medical care from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'neligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff claims he suffered an emotional injury based on defendant Gurrero's comments. However, "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1224 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive injury. Oliver, 289 F.3d at 630. Plaintiff does not allege any physical injury in his claim against defendant Gurrero.

Further, mere verbal harassment or abuse does not violate the Constitution, and, thus, does not give rise to a claim for relief under § 1983. Olarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, he may not bring a claim for the emotional injury he suffered based on Gurrero's comments.

////

5

Plaintiff's complaint will be dismissed with leave to amend because the complaint does not identify a right secured by the constitution or federal law that was violated by defendants. Plaintiff may be attempting to state claims for deliberate indifference to his serious medical needs, violation of his right to equal protection, and his right to be free from retaliation for exercising his First Amendment rights. Accordingly, the court will set forth the standards for stating claims under those provisions below to assist plaintiff in amending the complaint.

### B. Legal Standards under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

////

6

1    If a prisoner establishes the existence of a serious medical need, he must then show that

2    prisoner officials responded to the serious medical need with deliberate indifference. See Id.  In

3    general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

4    interfere with medical treatment, or may be shown by the way in which prison officials provide

5    medical care.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

6        Before it can be said that a prisoner's civil rights have been abridged with regard to

7    medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

8    'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

9    Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

10   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

11   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

12   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

13   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

14   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

15       Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

16   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

17   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

18   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

19   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

20   200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

21   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

22   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

23   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

24       Finally, mere differences of opinion between a prisoner and prison medical staff or

25   between medical professionals as to the proper course of treatment for a medical condition do not

26   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

27   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

28   F.2d 1337, 1344 (9th Cir. 1981).

## C. Legal Standards under the Equal Protection Clause

The Equal Protection Clause requires persons who are similarly situated to be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." James v. City of Seattle, No. C10-1612JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011). To state such a claim, "the plaintiff must establish that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. Id.

## D. Legal Standards for Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

## IV. Amending the Complaint

As stated above, the complaint must be dismissed because it fails to state a claim. However, he will be provided with an opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

8

1    defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

2    charging allegations must be set forth in the amended complaint so defendants have fair notice of

3    the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

4    support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

5    Fed. R. Civ. P. 8(a).

6    Any amended complaint must show the federal court has jurisdiction, the action is brought

7    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

8    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

9    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

10   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

11   of a constitutional right if he does an act, participates in another's act or omits to perform an act

12   he is legally required to do that causes the alleged deprivation).

13   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

14   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

15   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

16   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

17   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

18   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

19   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

20   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

21   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

22   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

23   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

24   An amended complaint must be complete in itself without reference to any prior pleading.

25   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

26   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

27   has evidentiary support for his allegations, and for violation of this rule the court may impose

28   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend for failure to state a claim.

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/robe2049.scrn

10